IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY LAMAGNA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-317 |
| ) | |
| v. ) | Judge Schwab |
| ) | Magistrate Judge Bissoon |
| JOHN DOE PENN HILLS POLICE ) | |
| OFFICERS, JOHN DOE PLUM ) | |
| BOROUGH POLICE OFFICERS, and ) | |
| THE ALLEGHENY COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons that follow, Plaintiff's claims against the "John Doe Penn Hills Police Officers" ("the Penn Hills John Does") and the "John Doe Plum Borough Police Officers" ("the Plum Borough John Does"; collectively "the John Doe Defendants") will be dismissed without prejudice under Federal Rule 4(m).

On August 15, 2008, the Court entered a Show Cause Order stating:

> More than 120 days have passed since the filing of the Complaint, and there is no proof of service on the record regarding [the John Doe] Defendants . . . . Consistent with Federal Rule 4(m), the Plaintiff shall show good cause why the claims against these Defendants should not be dismissed without prejudice. This Show Cause Order is returnable [September 2, 2008].

Show Cause Order dated Aug. 15, 2008.

September 2nd has come and gone, and Plaintiff has made no effort to show good cause why he failed to timely serve the John Doe Defendants. Rather, he appears to rely on a "return of service" form directed to "[the] Plum Borough Police," an entity not a party to this lawsuit.

*See* Return of Service form dated Aug. 20, 2008 (Doc. 14). As for the Penn Hills John Does, the record remains silent regarding service.

The John Doe Defendants have filed Motions to Dismiss, challenging, among other things, the sufficiency of Plaintiff's service. *See* Plum Borough John Does' Br. in Supp. of Mot. to Dismiss (Doc. 16) at 4-9 (noting that summons was directed to non-party "Plum Borough Police," and challenging service on this and other grounds); Penn Hills John Does' Br. in Supp. of Mot. to Dismiss (Doc. 19) (noting Plaintiff does not state claims against Municipality of Penn Hills, and arguing Court lacks personal jurisdiction over un-served Penn Hills John Does). Given Plaintiff's failure to meaningfully respond to the Show Cause Order, the Court need not reach these arguments.

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But <u>if the plaintiff shows good cause for the failure</u>, the court must extend the time for service for an appropriate period.

*Id.* (emphasis added).

Here, the Court made clear that the claims against the John Doe Defendants would be dismissed absent a showing of good cause by Plaintiff. He has made no such showing, nor has he requested an extension of the service period. Rather, Plaintiff has made questionable efforts to serve a non-party (the Plum Borough Police) and has left the record silent regarding service of the Penn Hills John Does. *See* discussions *supra*.

Under the circumstances, dismissal of the claims against the John Doe Defendants is appropriate. *See* discussions *supra*. It follows that those Defendants' pending Motions to Dismiss will be denied as moot.[1]

Finally, the Court notes that Plaintiff has been ordered to amend his pleadings by September 30, 2008. *See* text Order dated Aug. 15, 2008. Having been placed on notice of the potential substantive deficiencies of his current pleadings, *see* Defs.' Brs. in Support of Mots. to Dismiss, Plaintiff will enjoy no further opportunity for amendment.[2]

For the reasons stated above, the Court hereby **ORDERS** that the claims against the "John Doe Penn Hills Police Officers" and "John Doe Plum Borough Police Officers" are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m); and the John Doe Defendants' Motions to Dismiss (**Docs. 15 & 18**) are **DENIED AS MOOT**.

IT IS SO ORDERED on this  11th  day of  September , 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc (via email):

Erik M. Yurkovich, Esq.
Mark R. Hamilton, Esq.

---

[1] The only other named Defendant, the Allegheny County Jail ("the Jail"), has answered the Complaint. *See* Doc. 7. The Jail's Motion for Judgment on the Pleadings (Doc. 11) remains unaffected by the Rule 4(m) inquiry, and Plaintiff must respond to the Motion by September 15, 2008. *See* text Order dated Aug. 15, 2008.

[2] Plaintiff's potential pleading deficiencies go beyond service-related issues identified above. *See, e.g.*, Plum Borough John Does' Br. in Supp. of Mot. to Dismiss at 4 n.2 (municipal police departments are not proper defendants under § 1983); Penn Hills' Br. in Supp. of Mot. to Dismiss at 3-4 (Plaintiff has failed to allege custom or policy under Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978)). The need for further amendment will not be permitted to delay this litigation.

3

Philip J. Sbrolla, Esq.
Suzanne B. Merrick, Esq.
Craig E. Maravich, Esq.
Michael H. Wojcik, Esq.